IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAN MEYER,<br>312 Ashby Street, Unit C<br>Alexandria, VA 22305<br><br>DAVID CORNELIUS,<br>25878 Pollard Road, #2114<br>Daphne, AL 36256<br><br>Individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>PANERA BREAD COMPANY<br>6710 Clayton Road<br>Richmond Heights<br>Saint Louis, MO 63117<br><br>Defendant. | CLASS AND COLLECTIVE<br>ACTION COMPLAINT<br><br><br>Jury Trial Demanded |

Plaintiffs Alan Meyer and David Cornelius ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Outten & Golden LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who are or were employed by Panera Bread Company ("Panera" or "Defendant") as Assistant Managers ("AMs") in the United States.

2.      Plaintiffs, former AMs employed by Defendant, bring this action on behalf of themselves and other current and former AMs, who were unlawfully classified as exempt from overtime protections and worked more than 40 hours in a workweek without overtime premium

pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq*. ("the DCMWA"); the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq*. ("the DCWPCL"), and supporting D.C. and Department of Labor regulations ( DCMWA, DCWPCL, and D.C. wage regulations collectively "D.C. Wage Laws").

3.      As of March 28, 2017, Defendant operates over 900 company-owned bakery-cafes in 46 states and the District of Columbia, and in Ontario, Canada.[1]  In fiscal year 2015, Defendant's revenue reached $2,682 million.[2]

4.      Defendant employs AMs like Plaintiffs and others similarly situated at its locations nationwide.

5.      AMs, who predominantly perform non-managerial work related to customer service, cashiering, food preparation, and cleaning, work long hours without overtime pay.

6.      Plaintiffs bring this action under the FLSA, on behalf of themselves and similarly situated current and former AMs who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

7.      Plaintiff Meyers bring this action under the DCMWA, on behalf of himself and similarly situated current and former AMs who elect to opt into this action pursuant to the

---

[1]      https://www.panerabread.com/content/dam/panerabread/documents/financial/2017/2017-definitive-proxy-statement.pdf (last visited on 10/13/17).

[2]      https://www.panerabread.com/content/dam/panerabread/documents/financial/2016/pbc-annual-report-2015.pdf (last visited on 10/13/17).

collective action provision of the FLSA, 29 U.S.C. § 216(b), which is incorporated by the DCMWA. [3]

8.     Plaintiff Meyer also brings this action on behalf of himself and similarly situated current and former AMs who worked in the District of Columbia pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the DCMWA and DCWPCL and the supporting District of Columbia regulations.[4]

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and diversity jurisdiction under 28 U.S.C. § 1332.

10.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     This Court has supplemental jurisdiction over the District of Columbia claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[3]     Plaintiff Meyer pleads the DCMWA as a collective action for the time period of June 1, 2013, through February 27, 2015, when the DCMWA was amended to permit plaintiffs to bring DCMWA allegations as class actions.  *See* D.C. Code § 32-1308(a)(1)(C)(iv).

[4]     Plaintiff Meyer pleads the DCMWA as a class action for the time period of February 27, 2015 through present, for the time period after the DCMWA was amended to permit plaintiffs to bring DCMWA allegations as class actions.  *See* D.C. Code § 32-1308(a)(1)(C)(iv).

13.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391. Defendant is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

14.     Upon information and belief, at least one member of each of the proposed classes is a citizen of a state different from that of Defendant.

15.     Upon information and belief, citizenship of the members of each of the proposed classes is dispersed among a substantial number of states.

16.     Upon information and belief, there are more than 100 members of each proposed class in the aggregate.

17.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## THE PARTIES

**Plaintiff Alan Meyer**

18.     Plaintiff Meyer is an adult individual who is a resident of Alexandria, Virginia.

19.     Plaintiff Meyer was employed by Defendant from approximately April 2015 through October 2015.

20.     During his employment with Defendant, Plaintiff Meyer worked as an AM in Washington, D.C., at the Panera restaurant located at 4501 Wisconsin Ave NW, Washington, DC 20016.

21.     As a Panera AM, Plaintiff Meyer regularly worked more than 40 hours per week, and frequently worked approximately 60 hours per week, without being paid overtime.

22.     Plaintiff Meyer is a covered employee within the meaning of the FLSA, DCMWA, and DCWPCL.

23.     Written consent forms for Plaintiff Meyer are attached hereto as **Exhibits A and B**.

**Plaintiff David Cornelius**

24.     Plaintiff Cornelius is an adult individual who is a resident of Daphne, Alabama.

25.     Plaintiff Cornelius was employed by Defendant from approximately October 2013 through September 2015.

26.     During his employment with Defendant, Plaintiff Cornelius worked as an AM in Alabama, at the Panera restaurant located at the Village at Lee Branch, 200 Doug Baker Boulevard, Birmingham, Alabama 35242.

27.     As a Panera AM, Plaintiff Cornelius regularly worked more than 40 hours per week, and frequently worked approximately 55-60 hours per week, without being paid overtime.

28.     Plaintiff Cornelius is a covered employee within the meaning of the FLSA.

29.     A written consent form for Plaintiff Cornelius is attached hereto as **Exhibit C**.

**Defendant Panera Bread Company**

30.     Defendant Panera Bread Company is a Missouri corporation headquartered at 6710 Clayton Road, Saint Louis, MO 63117.

31.     Defendant operates hundreds of restaurants in the United States and Canada, including in this judicial district.

32.     Defendant is a covered employer within the meaning of the FLSA, DCMWA, and DCWPCL and at all relevant times employed Plaintiffs and similarly situated current and former AMs.

33.     Defendant has the power to control the terms and conditions of employment for Plaintiffs and those similarly situated, including with respect to their compensation and classification as exempt or non-exempt employees.

34.     During relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to timekeeping, payroll, and other employment practices that applied to them.

35.     Defendant applies the same employment policies, practices, and procedures to all AMs.

36.     Defendant classified Plaintiffs and other AMs as exempt from overtime.

37.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA AND DCMWA

38.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated AMs whom Defendant classified as exempt from overtime requirements, who worked more than 40 hours a week for Defendant in the United States – excluding New York, New Jersey, and Massachusetts – at any time between June 1, 2013[5] and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

39.     Plaintiff Meyer brings the Second Cause of Action pursuant to the DCMWA, D.C. Code § 32-1012, on behalf of himself and all similarly situated AMs whom Defendant

---

[5]     The federal and state wage and hour claims of Plaintiffs and similarly situated AMs were tolled during the period from June 1, 2016, to February 5, 2017, pursuant to an agreement of the parties.

classified as exempt from overtime requirements, who worked more than 40 hours a week for Defendant in the United States at any time between June 1, 2013, and February 27, 2015, and who elect to join this action (the "FLSA Collective").

40.     Plaintiffs and the FLSA and DCMWA Collectives are similarly situated in that they have substantially similar job duties and were subject to Defendant's common compensation policies, patterns, and/or practices, including without limitation Defendant's misclassification of AMs as exempt from the overtime protections of the FLSA and DCMWA.

41.     Defendant is liable under the FLSA and DCMWA for, *inter alia*, failing to properly compensate Plaintiffs.  There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA and DCMWA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join this lawsuit.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA and DCMWA Collectives pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(1)(C).

42.     All the work that Plaintiffs and the FLSA and DCMWA Collectives have performed has been assigned by Defendant, and/or Defendant has been aware of all the work that Plaintiffs and the FLSA and DCMWA Collectives have performed.

43.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and DCMWA with respect to Plaintiffs and the FLSA and DCMWA Collectives.  This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay Plaintiffs and the members of the FLSA and DCMWA Collectives overtime for hours that they worked in excess of 40 hours per workweek;

b.     willfully misclassifying Plaintiffs and the members of the FLSA and DCMWA Collectives as exempt from the overtime protections of the FLSA and DCMWA; and

c.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA and DCMWA Collectives, have worked for the benefit of Defendant.

44.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA and DCMWA Collectives, an overtime premium for hours worked in excess of forty (40) per workweek.

45.     Plaintiffs and the FLSA and DCMWA Collectives all perform or performed the same primary duties.

## CLASS ACTION ALLEGATIONS UNDER THE DCMWA AND DCWPCL

46.     Plaintiff Meyer brings the Second Cause of Action, the DCMWA claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of all AMs employed by Defendant in the District of Columbia between February 27, 2015 and the date of final judgment in this matter whom Defendant (1) did not pay all wages earned, including overtime wages, at least twice during each calendar month on regular paydays and/or (2) did not pay all wages due promptly after resignation or termination.

47.     Plaintiff Meyer brings the Third Cause of Action, the DCWPCL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of all AMs employed by Defendant in the District of Columbia between June 1, 2013, and the date of final judgment in this matter whom Defendant (1) did not pay all wages earned, including overtime wages, at least twice during each calendar month on regular paydays and/or (2) did not pay all wages due promptly after resignation or termination (collectively, the "D.C. Class").

48.     Excluded from the D.C. Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the D.C. Class.

49.     The persons in the D.C. Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

50.     Upon information and belief, the size of the D.C. Class is at least 100 workers.

51.     Defendant acted or refused to act on grounds generally applicable to the D.C. Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Class as a whole.

52.     The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the D.C. Class that predominate over any questions solely affecting individual members of the D.C. Class, including but not limited to:

   a.   whether Defendant is subject to the requirements of the DCMWA and DCWPCL;

   b.   whether Defendant met their obligations under the DCMWA and DCWPCL to timely pay Plaintiff Meyer and the D.C. Class all wages earned, including overtime wages, during their employment;

   c.   whether Defendant met their obligations under the DCMWA and DCWPCL to timely pay Plaintiff and the D.C. Class all wages earned, including overtime wages, upon resignation or termination;

     d.   whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Meyer and the D.C. Class;

     e.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

     f.   the nature and extent of D.C. Class-wide injury and the appropriate measure of damages for the D.C. Class.

53.    Plaintiff Meyer's claims are typical of the claims of the D.C. Class he seeks to represent.  Plaintiff and the other D.C. Class members work or have worked for Defendant and have been subject to their policy and pattern or practice of failing to timely pay for all hours worked in a workweek, including all overtime hours.  Defendant acted and refused to act on grounds generally applicable to the D.C. Class, thereby making declaratory relief with respect to the D.C. Class appropriate.

54.    Plaintiff Meyer will fairly and adequately represent and protect the interests of the D.C. Class.  Plaintiff Meyer understands that, as a class representative, he assumes a fiduciary responsibility to the D.C. Class to represent its interests fairly and adequately.  Plaintiff Meyer recognizes that as a class representative, he must represent and consider the interests of the D.C. Class just as he would represent and consider his own interests.  Plaintiff Meyer understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the D.C. Class.  Plaintiff Meyer recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the D.C. Class.  Plaintiff Meyer understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

55.     Plaintiff Meyer has retained counsel competent and experienced in complex class action employment litigation.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the D.C. Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the D.C. Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

57.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

58.     Plaintiffs and the members of the D.C. Class and FLSA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and D.C. law by denying them overtime pay and timely payment of all wages earned.

59.     Upon information and belief, Plaintiffs and the Class Members worked more than 40 hours during most weeks in which they worked for Defendant.

60.     Upon information and belief, Plaintiffs and the Class Members were commonly scheduled to work for approximately 60 hours per week.

61.     Defendant failed to pay Plaintiffs and the Class Members overtime compensation and/or all wages earned for hours they worked over 40 in a workweek.

62.     Defendant failed to keep accurate records of the hours that Plaintiffs and the Class Members worked.

63.     All of the work that Plaintiffs and the Class Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the Class Members performed.

64.     Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, Defendant classified Plaintiffs and the Class Members as exempt from the overtime protections of the FLSA and DCMWA, and the timely payment requirements of the DCWPCL.

65.     Defendant's classification determination did not vary depending on the location where AMs worked.

66.     Defendant did not perform a person-by-person analysis of every AM's job duties in making its decision to classify all AMs as exempt.

67.     Plaintiffs and the Class Members performed the same primary job duties.

68.     Plaintiffs and the Class Members regularly performed non-managerial customer service duties, including assisting and greeting customers, operating the cash register, preparing food, and cleaning the restaurant.

69.     Plaintiffs and the Class Members did not have the authority to hire and fire employees.

70.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and D.C. law with respect to Plaintiffs and the Class Members.  This policy and pattern or practice includes but is not limited to:

>    a.   willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of Defendant;
>
>    b.   willfully failing to keep payroll records as required by the FLSA and DCWPCL;
>
>    c.   willfully misclassifying Plaintiffs and the Collective Members as exempt from the requirements of the FLSA, DCMWA, and DCWPCL; and
>
>    d.   willfully failing to timely pay its employees, including Plaintiffs and the Class Members, overtime wages and all wages earned for hours that they worked in excess of forty per week.

71.     Defendant is aware or should have been aware that federal and D.C. law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 hours per week.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74.     The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendant.

75.     Defendant was an employer of Plaintiffs and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

76.     At all relevant times, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

77.     Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

78.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

79.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### DCMWA:  Unpaid Overtime Wages
### On behalf of Plaintiff Meyer and the D.C. Class and Collective

81.     Plaintiff Meyer realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     At all times relevant, Plaintiff Meyer and the members of the DCMWA Collective and D.C. Class have been employees and Defendant has been an employer within the meaning of the DCMWA.

83.     Plaintiff Meyer and the members of the DCMWA Collective and D.C. Class are covered by the DCMWA.

84.     Defendant failed to pay Plaintiff Meyer and the members of the DCMWA Collective and D.C. Class wages to which they are entitled under DCMWA, D.C. Code Ann. § 32-1003(c).

85.     Defendant failed to pay Plaintiff Meyer and the members of the DCMWA Collective and D.C. Class overtime for hours worked over forty in a workweek.

86.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Meyer and the DCMWA Collective and D.C. Class members.

87.     Due to Defendant's violations of the DCMWA, Plaintiff Meyer and the members of the DCMWA Collective and D.C. Class are entitled to recover from Defendant their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

### THIRD CAUSE OF ACTION
**DCWPCL:  Failure to Timely Pay All Earned Wages
On behalf of Plaintiff Meyer and the D.C. Class**

88.     Plaintiff Meyer realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     At all times relevant, Plaintiff Meyer and the members of the D.C. Class have been employees and Defendant has been an employer within the meaning of the DCWPCL.

90.     Plaintiff Meyer and the members of the D.C. Class are covered by the DCWPCL.

91.     Defendant failed to timely pay Plaintiff Meyer and the members of the D.C. Class all wages earned, as required by DCWPCL, D.C. Code Ann. § 32-1302.

92.     Defendant failed to pay Plaintiff Meyer and the members of the D.C. Class overtime wages for hours worked over forty in a workweek.

93.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Meyer and the D.C. Class members.

94.     Due to Defendant's violations of the DCWPCL, Plaintiff Meyer and the members of the D.C. Class are entitled to recover from Defendant their unlawfully withheld wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA and DCMWA Collectives.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B.     Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations, D.C. Code Ann. § 32-1301 *et seq*. and D.C. Code Ann. § 32-1001 *et seq.*;

C.     An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

D.     Pre-judgment and post-judgment interest;

E.     Attorneys' fees and costs of the action, including expert fees;

F.      Certification of this action as a class action under Rule 23;

G.      Designation of Plaintiff Meyer as a Class Representative;

H.      A declaratory judgment that the practices complained of herein are unlawful; and

I.      Such other relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.

Dated: November 29, 2017


Respectfully submitted,


By:     _____

**OUTTEN & GOLDEN LLP**
Sally J. Abrahamson (99058)
Lucy B. Bansal (MD06639)
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410

Justin M. Swartz (*pro hac vice* motion
forthcoming)
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060

*Attorneys for Plaintiffs and the Putative
Class and Collectives*