UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALAN MEYER and DAVID CORNELIUS, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PANERA BREAD CO.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 17-cv-2565 (EGS/GMH)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Alan Meyer and David Cornelius have brought a putative collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.* Plaintiffs were assistant managers at two restaurants owned by Defendant Panera, LLC ("Defendant" or "Panera"). They claim that they and other assistant managers employed by Defendant were misclassified as exempt employees under the FLSA and DCMWA and therefore were illegally denied overtime wages for hours that they worked in excess of forty hours per week.

In a Memorandum Opinion and Order issued contemporaneously with this opinion, the undersigned grants in part and denies in part Plaintiffs' motion for conditional certification of a collective action pursuant to the FLSA and DWMCA. This decision addresses two ancillary motions: Defendant's motion to strike two declarations submitted in support of Plaintiffs' motion for conditional certification, which is brought pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (ECF No. 21), and Plaintiffs' motion for equitable tolling (ECF No. 31), which seeks to

toll the statute of limitations from January 30, 2018, until the resolution of the motion for conditional certification.[1]

For the reasons that follow, both the motion to strike and the motion for equitable tolling are denied.

## I. BACKGROUND

Plaintiffs filed their original complaint on November 29, 2017. ECF No. 1. On January 30, 2018, Plaintiffs filed their original motion for conditional certification (ECF No. 11) and Defendant filed a motion to dismiss Plaintiffs' original complaint (ECF No. 10). On March 26, 2018, Defendant filed its motion to strike directed at two declarations filed in connection with the original conditional certification motion. ECF No. 21.

On May 17, 2018, Plaintiffs, with Defendant's consent, filed the operative Amended Complaint (ECF No. 29), which substituted Panera, LLC, as Defendant in place of Panera Bread Co., and "clarif[ied] the scope of the proposed collectives." ECF No. 30 at 1. According to the Amended Complaint, Defendant is a Delaware corporation operating hundreds of restaurants in the United States and Canada, and which had an annual revenue of over $2.5 billion in 2015. ECF No. 29, ¶¶ 3, 30–31. Plaintiffs allege that they were employed as assistant managers at two different Panera Bread restaurants: Mr. Meyer worked at a location in Washington, D.C., from April 2015 until October 2015; Mr. Cornelius worked at a location in Birmingham, Alabama, from

---

[1] The docket entries connected with these motions are: Defendants' Motion to Strike Declarations of Jacqueline Friscia and Diana Manrique Submitted in Support of Plaintiffs' Motion for Conditional Certification (ECF Nos. 21 through 21-5); Plaintiffs' Opposition to Defendant's Motion to Strike Declarations of Jacqueline Frescia and Diana Manrique Submitted in Support of Plaintiffs' Motion for Conditional Certification and Exhibit (ECF Nos. 22 and 22-1); and Defendant's Reply in Support of its Motion to Strike Declarations of Jacqueline Frescia and Diana Manrique Submitted in Support of Plaintiffs' Motion for Conditional Certification (ECF Nos. 27 through 27-1); Plaintiffs' Motion for Equitable Tolling and Exhibit (ECF Nos. 31 through 31-1); Defendant's Opposition to Plaintiffs' Motion for Equitable Tolling (ECF No. 37); and Plaintiffs' Reply Memorandum of Law in Support of Motion for Equitable Tolling (ECF No. 40).

October 2013 until September 2015. *Id.*, ¶¶ 19–20, 25–26. Plaintiffs assert that, as assistant managers of restaurants operated by Defendant, they "predominantly perform[ed] non-managerial work" but were nevertheless classified as exempt from the overtime provisions of the FLSA (and, in Mr. Meyers' case, the DCMWA). *Id.*, ¶¶ 2, 5–7, 22, 28, 36. They further contend that each of them regularly worked more than forty hours per week and, as a consequence of their misclassification, did not receive overtime pay. *Id.*, ¶¶ 21, 27.

The Amended Complaint also alleges that Defendant "has the power to control the terms and conditions of employment for Plaintiffs and those similarly situated, including with respect to their compensation and classification as exempt or non-exempt employees"; that it "maintained control, oversight, and direction over Plaintiffs and similarly situated employees"; and that it "applies the same employment policies, practices, and procedures to all [assistant managers]." *Id.*, ¶¶ 33–35. Plaintiffs contend that Defendant's violations of the FLSA and the DCMWA were willful. *Id.*, ¶¶ 71–72.

After the Amended Complaint was filed, the Court denied Defendant's motion to dismiss the original complaint because it was mooted by the filing of the Amended Complaint. Minute Order dated May 21, 2018; *see, e.g., Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) (collecting cases); *Nader v. Democratic Nat. Comm.*, 590 F. Supp. 2d 164, 167 n.2 (D.D.C. 2008), *aff'd*, No. 09-7004, 2009 WL 4250599 (D.C. Cir. Oct. 30, 2009). Plaintiffs' original motion for conditional certification was similarly denied as moot. Minute Order dated May 21, 2018; *see, e.g., Lawrence v. Maxim Healthcare Servs., Inc.*, No. 1:12CV2600, 2013 WL 12178607, at *1 (N.D. Ohio Apr. 26, 2013) (denying as moot motion for conditional certification filed prior to amended complaint that changed definition of collective); *see also In re Amazon Fulfillment Ctr. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, No. 14-MD-2504, 2014 WL

3695750, at *1 (W.D. Ky. July 14, 2014) (noting that plaintiffs in one constitutive case in multidistrict litigation "repeatedly mooted their conditional certification motion [by] amend[ing] the complaint prior to any court determination"); *Lytle v. Lowes Home Ctrs., Inc.*, No. 8:12-cv-1848, 2014 WL 103463, at *6 (M.D. Fla. Jan. 10, 2014) ("Based upon the filing of [Plaintiffs'] Second Amended Complaint, the Court denied as moot [Plaintiffs] Motion for Conditional Certification in order to promote accuracy in the filings and clarity of the record." (internal quotation marks omitted)).

Plaintiffs thereafter filed their motion for equitable tolling, seeking to toll the statute of limitations for all potential opt-in Plaintiffs from January 30, 2018, which is the date that they filed the original motion for conditional certification, "until the date that the Court rules on Plaintiffs' forthcoming renewed Motion for Conditional Certification." ECF No. 31 at 2. The renewed motion was filed on June 5, 2018. ECF No. 36 at 2. That motion requests conditional certification of a collective under the FLSA that, as defined in the Amended Complaint, consists of all similarly situated assistant managers

> whom Defendant classified as exempt from overtime requirements, who worked more than 40 hours per week for Defendant in the United States—excluding New York, New Jersey, and Massachusetts—at any time between March 25, 2014 and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

ECF No. 29, ¶ 39. It also seeks certification of a collective under the DCMWA consisting of all similarly situated assistant managers classified as exempt, who worked more than 40 hours per week for Defendant in Washington, D.C., from March 25, 2014, through February 27, 2015, and who elect to join the action (the "DCMWA Collective"). *Id.*, ¶ 40. The renewed motion for conditional certification includes, among other support, the same two declarations that are the

subject of the motion to strike. On July 3, 2018, in response to an order of the Court, the parties elected to stand on their original briefing on the motion to strike. ECF No. 41.

## II.   DISCUSSION

### A.   Motion to Strike

#### 1.   Facts

Defendant moves to strike two declarations filed by Plaintiffs in support of their renewed motion for conditional certification. The two declarations—one from Jacqueline Friscia (the "Friscia Declaration"), the other from Diana Manrique (the "Manrique Declaration")—each support the claim that those employed as assistant managers at Panera restaurants owned by Defendant perform primarily non-managerial tasks. ECF No. 36-10, ¶¶ 2-3; 36-11, ¶¶ 2, 9, 13. They further assert that assistant managers were not paid overtime for the hours they worked over 40 hours per week. ECF No. 36-10, ¶¶ 8, 12; ECF No. 36-11, ¶¶ 12, 14. Ms. Friscia states that, while at training sessions at certain Panera restaurants in New Jersey, she both observed and was told that the jobs of other assistant managers similarly required performing primarily non-managerial tasks. ECF No. 36-10, ¶¶ 14, 16, 18. Ms. Manrique, who was promoted to general manager, states that when she attended monthly meetings at other Panera locations, she observed assistant managers at those restaurants performing primarily non-managerial tasks. ECF No. 36-11, ¶¶ 2, 4. Each of them also states that these facts were true for assistant managers across all restaurants owned by Defendant. ECF No. 36-10, ¶¶ 15, 19; ECF No. 36-11, ¶¶ 5, 9, 10, 13.

The two declarations were originally submitted in a case in the District of New Jersey styled *Friscia v. Panera Bread Co.*, No. 2:16-cv-3754 (D.N.J.). In that ongoing case, Defendant has since deposed both Ms. Friscia and Ms. Manrique. Based on testimony from those depositions, Defendant claims that the declarations are "a sham" because they are not based on personal

knowledge and they are contradicted by the deponents' testimony. [ECF No. 21-1 at 1, 9–12]. It seeks to strike both declarations pursuant to Rule 12(f).

  2. Analysis

At the outset, it is not clear that the relief Defendant seeks is available under the Federal Rules of Civil Procedure.

"Although not technically statutes in their own right, the Federal Rules of Civil Procedure govern the process of litigation before Article III courts under the authority of the Rules Enabling Act." *Jewish War Veterans of U.S., Inc. v. Gates*, 522 F. Supp. 2d 73, 78 n.3 (D.D.C. 2007). The Supreme Court has repeatedly pronounced that courts must "give the Federal Rules of Civil Procedure their plain meaning." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (quoting *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989)); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 750, n. 9 (1980) (same). And, "as with a statute, '[w]hen [the court] find[s] the terms . . . unambiguous, judicial inquiry is complete.'" *Pavelic & LeFlore*, 493 U.S. at 123 (first alteration and ellipses in original) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

Rule 12(f) provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Rule 7 of the Federal Rules of Civil Procedure enumerates the "pleadings . . . allowed" as a complaint, a counterclaim, a crossclaim, and a third-party complaint; an answer to each of those filings; and, if ordered by the court, a reply to an answer. Based on this plain

language, courts have held that documents not identified in Rule 7 (such as the declarations at issue here) cannot be struck pursuant to Rule 12(f).  *See, e.g.*, *Henok v. Chase Home Fin., LLC*, 925 F. Supp. 2d 46, 52–53 (D.D.C. 2013); *see also* 5C Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1380 & n.8.50 (3d ed.) (stating, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus, motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)," and collecting cases); *cf. Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 77–78 (D.D.C. 2013) (recognizing line of cases but denying Rule 12(f) motion on other grounds).

That conclusion is reinforced by the structure of Rule 12 as a whole, which concerns itself exclusively with pleadings—the service and content of responsive pleadings, Fed. R. Civ. P. 12(a), (b), & (h), or motions directed toward pleadings, Fed. R. Civ. P. 12(c), (d), (e), (f), (g), & (i), including motions for judgment on the pleadings, Fed. R. Civ. P. 12(c)—and makes a clear distinction between "pleadings" and other submissions, such as "motions," *see, e.g.*, Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion . . . ."), or "affidavits," *see, e.g.*, Fed. R. Civ. P. 12 adv. comm. note on 1946 amendment ("The decisions dealing with this general situation may be generally grouped as follows: (1) cases dealing with the use of affidavits and other extraneous material on motions; (2) cases reversing judgments to prevent final determination on mere pleading allegations alone.").  There is thus no indication that when Rule 12(f) says "pleading," it means anything other than the pleadings enumerated in Rule 7.  *See, e.g.*, *Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007) (explaining that the same term will be taken to have the same meaning "when it occurs here and there" in a single enactment unless there is "such variation in the connection in which the words are used as reasonably to

warrant" a different conclusion (quoting *Atl. Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932))).[2]

Even if the relief sought were available under Rule 12(f), the Court would exercise its discretion to deny the motion. *See Elec. Privacy Info. Ctr.*, 999 F. Supp. at 78 (noting that the court "has broad discretion in ruling on a motion to strike," and that striking a submission is a "'drastic' and 'disfavored' step" (quoting *Uzylan v.* Solis, 706 F. Supp. 2d 44, 51 (D.D.C. 2010))). First, the relief requested is overbroad: Defendant requests that this Court "(i) enter an Order striking the declarations of Friscia and Manrique in their entirety from Plaintiff's Motion, and (ii) ignore the statements in Plaintiff's Motion for Conditional Certification (including their brief in support) that rely upon these declarations." ECF No. 21 at 2; *see also* ECF No. 21-1 at 2, 12. As written, that request seeks not only to strike the Friscia Declaration and the Manrique Declaration, but also to disregard any factual allegation in Plaintiffs' motion for conditional certification that relies on either of the declarations, even if that allegation also has other support in the record. That

---

[2] To be sure, in *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, the Court asserted that "[i]t is well settled in this jurisdiction that the term 'pleading' in Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents," in light of the fact that the D.C. Circuit has held that defects in affidavits are forfeit on appeal where no motion to strike was directed to them in the district court. 224 F.R.D. 263 n.1 (D.D.C. 2004) (citing *Humane Soc'y of the U.S. v. Babbitt*, 46 F.3d 93, 97 n.5 (D.C. Cir. 1995)). The Court declines to follow *Judicial Watch* here. Neither *Judicial Watch* nor the case on which it relies to establish the rule, *Larouche v. Dep't of the Treasury*, No. CIV.A.91-1655 (RCL), 2000 WL 805214, at *1 (D.D.C. Mar. 31, 2000), applies or addresses the interpretive precepts cited in the text above. Moreover, in *Judicial Watch*, the court was concerned with an affidavit submitted in connection with a motion for summary judgment that included "irrelevant, impugning and/or inflammatory statements"; statements, that is, that are objectionable for reasons that cannot be the basis for a motion to strike under Rule 56(c) of the Federal Rules of Civil Procedure (formerly Rule 56(f)), i.e., inadmissibility, lack of personal knowledge, and the like. 224 F.R.D. at 264–65. That is important because the court in *Judicial Watch* was concerned that, if it did not allow the motion to strike based on Rule 12(f), the objection to the affidavit would be forfeit. Here, however, the Court will not be ruling on a motion for summary judgment, which has the potential to end a case. Rather, the declarations were submitted in connection with a motion for conditional certification—a preliminary, non-dispositive matter—and Rule 56 standards do not apply to declarations submitted in connection with such motions. *See, e.g.*, *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 689–90 (N.D.N.Y. 2015); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 760–62 (N.D. Tex. 2013) (collecting cases). Therefore, disallowing Defendant's motion to strike does not run the risk of causing it to forfeit its objections to the declarations. This is not, then, a situation in which it is necessary even to consider construing Rule 12(f) as countenancing a motion such as Defendant's in order to "secure [a] just . . . determination" of this action, Fed. R. Civ. P. 1—assuming that such a construction would be permissible notwithstanding the plain language of Rule 12(f).

request is so unreasonable that the Court will assume that Defendant has inadvertently strayed from the use of appropriately precise language. Even so, the request to strike the entirety of the two declarations is too expansive. Defendant's motion challenges five of 22 paragraphs in the Friscia Declaration (paragraphs 5, 14–16, and 19) and three of fifteen paragraphs in the Manrique Declaration (paragraphs 4, 10, and 13). ECF No. 21-1 at 3–8. In the rare instance that a motion to strike is granted, the submission to which it is directed "should be pruned with care," *Johnson v. M&M Commc'ns, Inc.*, 242 F.R.D. 187, 189 (D. Conn. 2007) (quoting *Lipsky v. Commw. United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976)), rather than completely scrapped.[3]

Moreover, Defendant's objections largely fall flat. For example, Defendant begins its objections by discussing paragraph 15 in the Friscia Declaration: "All training manuals, policies and procedures came from corporate and were required to be followed by me and all other assistant managers at Panera locations nationwide." ECF No. 21-1 at 4; ECF No. 36-10, ¶ 15. Defendant claims that this statement is not based on personal observation, but is merely speculative, citing certain testimony from Ms. Friscia's deposition. ECF No. 21-1 at 4–5. However, it is clear from the deposition transcript excerpts Defendant has provided that Ms. Friscia based her statement on conversations with assistant managers at restaurants other than the one at which she worked, who reported that they received the same training manuals and followed the same procedures, as well as on the fact that she was trained with other assistant managers regarding such procedures and using such manuals. ECF No. 21-4 at 18–20, 27–28. This is sufficient to be considered at the conditional certification stage. *See, e.g., Harris v. Med. Transportation Mgmt., Inc.*, 317 F. Supp. 3d 421 (D.D.C. 2018) ("Plaintiffs need not . . . proffer non-hearsay evidence establishing that

---

[3] Defendant's notice of motion asserts that its motion is one to strike the declarations "in their entirety or, in the alternative, to partially strike." ECF No. 21 at 1 (initial capital letters omitted). However, that is not the relief they seek in the notice of motion (*id.* at 2) or in the memorandum in support (ECF No. 21-1 at 2, 12).

drivers for every transportation company with whom Defendant contracts were not paid in accordance with the FLSA. Instead, at this juncture, it is sufficient that the court can reasonably infer based on pleadings and affidavits that the failure to pay overtime is sufficiently widespread to justify preliminary certification." (internal citation omitted)).

Similarly, Defendant objects to statements made by both Ms. Friscia and Ms. Manrique that assistant managers had the same basic job duties across all locations. ECF No. 21-1 at 6; ECF No. 36-10, ¶¶ 14, 19; ECF No. 36-11, ¶ 4. Ms. Manrique states that her knowledge is based on personal observations of assistant managers at locations she visited for monthly meetings. ECF No. 36-11, ¶ 4. The fact that she admitted that she did not observe the duties of assistant managers in restaurants she did not visit (ECF No. 21-5 at 1) does not make her statement unduly speculative at this juncture. Nor does Ms. Friscia's admission that she did not have "personal knowledge that all assistant managers regardless of what Panera location they worked at" performed non-managerial tasks (ECF No. 36-10, ¶ 19) undermine her attestations that she was trained with assistant managers from various other restaurants to perform the same non-managerial tasks and that she also personally observed assistant managers from other restaurants perform such tasks (ECF No. 36-10, ¶¶ 14, 16).

Other objections Defendant raises are similarly insufficient to strike the identified portions of the declarations. For example, Defendant claims that Ms. Friscia contradicted the statement in her declaration that she could not hire and fire other employees. ECF No. 21-1 at 5; ECF No. 36-10 at 5. However, she testified at her deposition merely that she could "initiate" the termination process. ECF No. 21-4 at 12. This is not a "sufficiently major discrepanc[y] . . . to warrant striking" the assertedly offending paragraph. *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 554 (S.D.N.Y. 2013). Ms. Manrique's attestation in her declaration that assistant managers

10

"spent approximately 5–10 hours a week on additional tasks helping the general manager, such as helping with the schedule, training if needed, cash management, and help with inventory placing food orders" (ECF No. 36-11, ¶ 10) is not even contradicted by her deposition testimony that she did not include in that five-to-ten-hour estimate tasks such as disciplining or directing hourly wage-earners, or resolving customer complaints (ECF No. 21-1 at 7; ECF No. 21-5 at 10–12).

This makes clear that the impetus of Defendant's motion is to undermine the credibility of the Friscia Declaration and the Manrique Declaration. However, it is generally inappropriate to make credibility determinations or resolve factual disputes at the conditional certification stage. *See, e.g.*, *Stephens v. Farmers Rest. Grp.*, 291 F. Supp. 3d 95, 105 (D.D.C. 2018); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) ("At the initial assessment stage, before discovery is completed, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." (quoting *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 2588851 at *1–2 (S.D.N.Y. June 26, 2008))).

For these reasons, Defendant's motion to strike is denied.

B.     **Motion for Equitable Tolling**

Plaintiffs' motion for equitable tolling seeks to toll the statute of limitations from January 30, 2018, the date they filed their original motion for conditional certification, until the date that their renewed motion for conditional certification is resolved. ECF No. 31 at 2. It seems a modest request. However, it is unsupported in law or fact.

"The doctrine of equitable tolling is animated—not surprisingly—by concerns of equity, and . . . entitlement to it rests solely within the discretion of the Court." *Ayala v. Tito Contractors, Inc.*, 82 F. Supp. 3d 279, 291 (D.D.C. 2015). This Court has regarded equitable tolling as a "rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of

11

affairs." *Escamilla v. Nuyen*, 227 F. Supp. 3d 37, 55 (D.D.C. 2016) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). To invoke equitable tolling, "the plaintiff would need to show that 'he has been pursuing his rights diligently' and that an 'extraordinary circumstance' prevented him from bringing a claim sooner." *Id.* at 289 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Plaintiffs contend that "[e]quitable tolling is especially urgent in this case for two reasons." ECF No. 31 at 2. First, they note that Defendant "asserts that it reclassified the position at issue from 'exempt' to 'non-exempt' in 2016, which means the claims of the proposed collective end on the date of that reclassification." *Id.* That is a bold argument in light of the fact that, in their motion for conditional certification, Plaintiffs argue that notice of the pendency of this action should be sent to assistant managers who have worked for Defendant at any time during the period between March 25, 2014, and the date on which the Court grants the motion for conditional certification because they "have not been able to investigate the veracity" of Defendant's claim as to reclassification. ECF No. 36-1 at 12. Moreover, the implication that the reclassification is somehow a tactic allowing Defendant to "shave[] off" time "at the backend" to "avoid[] responsibility for failing to pay its employees overtime wages" (ECF No. 31 at 2) is a bizarre way to characterize a change that Plaintiffs must believe was not only required by law, but also in the best interests of the potential collective members—or at least those who worked for Defendant when the change went into effect.

Second, Plaintiffs argue that the litigation delay in this case is an extraordinary circumstance meriting equitable tolling, basing the claim on the fact that their original motion for conditional certification was filed on January 30, 2018, and there has not yet been a decision on that issue. *Id.* They cite precedent holding that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be

deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y 2012). That is true, as far as it goes. Courts in this district have held that litigation delay can support equitable tolling. *See, e.g.*, *Harris*, 317 F. Supp. 3d at 425–26. There are cases from the Southern District of New York—a district with a robust body of caselaw regarding collective actions—that indicate that a delay of as little as seven months between the close of briefing and the decision on conditional certification can merit equitable tolling. *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014). But Plaintiffs have their facts wrong.

To be sure, Plaintiffs filed their original motion for conditional certification on January 30, 2018. ECF No. 11. But that is not the motion before the Court. The motion before the Court is Plaintiffs' renewed motion for conditional certification, which was filed on June 5, 2018, and was fully briefed, pursuant to a schedule proposed jointly by Plaintiffs and Defendant, on June 26, 2018. ECF No. 33; ECF No. 34; ECF No. 40. The renewed motion was necessitated by Plaintiffs' filing of an Amended Complaint on May 17, 2018 (ECF No. 29), which mooted the original motion for conditional certification. Minute Order dated May 21, 2018. The Amended Complaint was necessitated by the fact that Plaintiffs sued the incorrect entity, defined the DCMWA class inaccurately, and miscalculated the period that the parties' tolling agreement was in effect. ECF No. 30. None of those errors can be laid at the feet of the Court.

Nor can they be laid at Defendant's feet. Plaintiffs' contention that Defendant attempted to "'hide the ball' by refusing to identify Panera, LLC . . . as the appropriate defendant" (a claim made first in their reply in further support of their equitable tolling request (ECF No. 40 at 4)) is particularly bothersome, as the tolling agreement upon which Plaintiffs rely to extend the notice period (and which is discussed in the Memorandum Opinion and Order filed contemporaneously

13

with this Memorandum Opinion and Order) is between Plaintiffs and Panera, LLC, rather than Plaintiffs and Panera Bread Company, the defendant Plaintiffs originally sued. ECF No. 1; ECF No. 36-14 at 2. As that tolling agreement was signed on June 1, 2016 (ECF No. 36-14 at 2), it is difficult to believe that Plaintiffs were somehow blindsided by the fact that Panera, LLC, was the appropriate defendant when they filed this action in March 2017.

The motion for equitable tolling is denied. If circumstances change—for example, if Plaintiffs can show a delay that can be attributed to something other than their own errors—they may make another request. *See, e.g.*, *Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17-CV-840, 2018 WL 3155835, at *5 (S.D.N.Y. June 28, 2018).

### III.   Conclusion

For these reasons, Defendant's motion to strike (ECF No. 21) and Plaintiffs' motion for equitable tolling (ECF No. 31) are **DENIED**.

**SO ORDERED.**

Date:  October 16, 2018                                 _____
                                                                                G. MICHAEL HARVEY
                                                                                UNITED STATES MAGISTRATE JUDGE